# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LAWRENCE R. LAWTON,<br>#52224-004<br><br>            Petitioner,<br>v.<br><br>JOHN J. LAMANNA, WARDEN<br>OF FCI-EDGEFIELD; and<br>UNITED STATES OF AMERICA,<br><br>            Respondents. | Civil Action No. 0:05-1246-HMH-BM<br><br>**REPORT AND RECOMMENDATION** |

This Petition for a writ of habeas corpus was filed on April 29, 2005, pursuant to 28 U.S.C. § 2241. Petitioner is an inmate serving a sentence in the Federal Bureau of Prisons (BOP) facility in Estill, South Carolina.

Respondents filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 14, 2005. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 16, 2005, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the



1

motion on June 22, 2005. This matter is now before the Court for disposition.[1]

## Background

On December 2, 1997, the Petitioner was sentenced by the United States District Court for the Eastern District of Pennsylvania to a term of one hundred forty-four (144) months incarceration, having been convicted of the offenses of Conspiracy to Commit Hobbs Act Robbery (18 U.S.C. § 1951); False Statements (18 U.S.C. § 1001); and Aiding and Abetting (18 U.S.C. § 2). Petitioner has a projected release date of July 25, 2007, via Good Conduct Time (GCT) Release.[2]

Petitioner contends that his constitutional rights were violated when he was convicted by prison authorities of engaging in a prohibited sexual act. Petitioner asserts in his verified Petition[3] that on the night of October 26, 2003 he was in his cell "lying in [his] bed covers up to [his] thighs, reading adult magazine masturbating." Petitioner alleges that he was removed from his cell and escorted to the Special Housing Unit (SHU), and on the following morning was given an incident report wherein he was advised that he was being charged with offense code

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] Respondents have not provided any exhibits to support these representations; however, Petitioner has not contested this information.

[3] In this Circuit, verified pleadings by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Riddick v. Angelone, No. 01-7109, 22 Fed.Appx. 164, 165 (4th Cir. Nov. 19, 2001) (unpublished). Petitioner has filed a verified Petition. Therefore, the undersigned has considered the factual allegations set forth in the verified Petition in issuing a recommendation in this case.

2



300/205, engaging in a sexual act/indecent exposure. Petitioner further alleges that on November 17, 2003 he was found guilty of "engaging in a sexual act in prison", and sanctioned twenty (20) days DS time, six (6) months loss of commissary privileges, and twenty-seven (27) days loss of good conduct credits. See Attachments to Respondents' Memorandum in Support of its Motion to Dismiss, or in the Alternative for Summary Judgment. Petitioner alleges that his due process rights were violated in this case because the BOP failed to provide prior and fair notice that the act of masturbation is prohibited within the Federal Bureau of Prisons. Petitioner seeks to have the Court expunge his incident report and restore the loss of his 27 days good time credits. Petitioner has attached to his Complaint copies of his administrative filings with the Bureau of Prisons. See generally, Verified Petition, with attached Exhibits.

The Petitioner's federal remedy for the cited claim is a writ of habeas corpus under 28 U.S.C. § 2241, which he has filed. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) [Prisoner may use § 2241 to challenge deprivation of good-time credits]. Respondents admit that Petitioner has exhausted his administrative remedies, and that this Petition is properly before this Court. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984).[4] In support of summary judgment in the case, the Respondents have submitted copies of the documents from Petitioner's administrative hearing and filings.

---

[4]However, Respondents correctly point out that the United States is not a proper party Respondent since the proper respondent is the warden of the institution where the Petitioner is confined, not the United States, its agencies or the institution itself. Rumsfeld v. Padilla, __ U.S. __, 124 S.Ct. 2711, 2717-2718 (2004); Scott v. United States, 586 F.Supp. 66, 68 n.1 (E.D.Va. 1984)(citing Copeland v. State of Mississippi, 415 F.Supp. 1271, 1272 n.1 (N.D.Miss. 1976)). Petitioner concedes that the United States should not be included as a party Respondent in this case.



**Discussion**

In the prison disciplinary setting, an inmate is entitled to only a minimal standard of due process. If the following requirements are satisfied, prison officials have met this minimal standard.

1. Advance written notice of the charges;

2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004).

Here, it is uncontested that Petitioner was given advance written notice of the charge [Engaging in Sexual Acts - 28 C.F.R. § 541.13, Table 3, Code 205], that Petitioner was advised that the matter was being referred to the DHO for hearing, and that he was provided with a notice of the disciplinary hearing before the DHO as well as with a copy of his inmate rights. See Attachments to Respondents' Memorandum in Support of its Motion to Dismiss, or in the Alternative for Summary Judgment. Petitioner signed both of these documents. Id. The DHO hearing was thereafter conducted on November 17, 2003, at which Petitioner was afforded the opportunity to make a statement. Petitioner did not choose to call any witnesses. Id. The DHO then found Petitioner guilty of the charge, specifically setting out in writing the reasons for his findings and conclusion. Id.



4

Although Petitioner does not contest that he engaged in the act of masturbation[5], Petitioner argues that the BOP failed to provide prior and fair notice that engaging in the act of masturbation itself is prohibited within the Federal Bureau of Prisons, thereby entitling him to relief.[6] Respondents contend that although the BOP disciplinary regulations do not specifically list what constitutes a sex act, due process does not require notice of all of the specific sexual acts covered by the Policy. See Rose v. Locke, 423 U.S. 48, 50 (1975) ["All the Due Process Clause requires is that the law give sufficient warning that men [sic] may conduct themselves so as to avoid that which is forbidden."]; United States v. Thomas, 864 F.2d 188, 195 (D.C.Cir. 1988) ["[C]ourts do not require that an enactment...set forth the precise line dividing proscribed from permitted behavior, or that a person contemplating a course of behavior know with certainty whether his or her act will be found to violate the proscription."]. Respondents further argue that it is unquestionable that masturbation is a "sexual act," citing to Griffin v. Brooks, 13 Fed.Appx. 861, 864 (10th Cir. 2001) (unpublished), in which a panel of the Tenth Circuit Court of Appeals held that masturbation is a "sexual act" within the meaning of the Bureau of Prisons' regulations prohibiting engaging in sexual activity. A review of the decision in Griffin reveals that that case involved a situation where a second person (the prisoner's wife) was performing this act on the prisoner. However, consistent with the facts in the case at bar, masturbation has also been held to be a sex act and a violation of § 541.13 when a prisoner performs it on himself. See Ricco v. Conner, 132

---

[5]Petitioner does contest Respondents' assertion that he performed this act in the presence of a female guard.

[6]Petitioner also argues that he has also been advised by doctors that the act of masturbation is necessary and healthy in men who have attained the age of forty (40) in order to maintain a healthy prostate.



Fed.Appx. 754, 755 (10th Cir. 2005) [discussing District Court's findings]. Therefore, § 541.13's failure to specifically list masturbation as a prohibited "sexual act" did not violate the Petitioner's due process rights. Meyers v. Aldredge, 492 F.2d 296, 310 (3d cir. 1974); United States v. Juvenile Male J.H.H., 22 F.3d 821 (8th Cir. 1994); Wolfel v. Morris, 972 F.2d 712, 717 (6th Cir. 1992). Cf Griffin, 13 Fed.Appx. at 864. Rose, 423 U.S. at 50; United States v. Thomas, 864 F.2d at 195.

In sum, after careful review of the arguments and evidence which have been presented to this Court, the undersigned concludes that Petitioner's claim is without merit and should be dismissed. It is uncontested that Petitioner was given advance written notice of the charges, that he appeared at the hearing, gave a statement, was afforded the opportunity to call witnesses and present documentary evidence, and that the DHO thereafter set forth in writing the evidence and rationale for his decision. In an institutional setting, the fact-finder need only show that some evidence existed to support his conclusion. Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-457 (1985); see Diggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003). The Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, and under the applicable caselaw a disciplinary decision is sufficient to pass scrutiny under the due process clause if it is supported by "some" evidence. Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004). The evidence before the Court meets this standard; Wolff, 418 U.S. at 563-576; Coleman v. Smith, 828 F.2d 714 (11th Cir. 1987); Stewart v. Thigpen, 730 F.2d 1002 (5th Cir. 1984); Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981); and Petitioner has failed to show that he did not receive the due process to which he was entitled with respect to this charge.



## Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 22, 2005

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  <u>Advance Coating Technology, Inc. v. LEP Chemical, Ltd.</u>, 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the ten-day period, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

<u>See</u> <u>also</u> <u>Branch v. Martin</u>, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See <u>Wright</u>, <u>supra</u>,; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

8
