IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Lawrence R. Lawton, # 52224-004,        )
                                        )
                    Petitioner,         )        C.A. No. 0:05-1246-HMH-BM
                                        )
        vs.                             )        **OPINION & ORDER**
                                        )
John J. LaManna, Warden of FCI-         )
Edgefield,                              )
                                        )
                    Respondent.[1]      )

        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local

Rule 73.02 DSC.[2]  Lawrence R. Lawton  ("Lawton") is a pro se federal prisoner seeking to

recover lost good conduct credit by pursuing a petition for a writ of habeas corpus under 28

U.S.C. § 2241.

        On April 29, 2005, Lawton filed the instant petition.  On June 14, 2005, John J.

LaManna ("LaManna") moved to dismiss Lawton's petition under Federal Rule of Civil

Procedure 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56(b).

_____

        [1]The caption of the petition included the United States of America as a respondent, but
Lawrence R. Lawton conceded that the United States should not be included as a party
respondent in this case.  (Pet'r's Resp. Opp'n Summ. J. at 2.)

        [2] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Lawton filed his response, opposing LaManna's motion on June 22, 2005. In his Report and Recommendation, Magistrate Judge Marchant recommends granting LaManna's motion for summary judgment and dismissing the case. For the reasons set forth below, the court adopts the Report and Recommendation, grants LaManna's motion for summary judgment, and dismisses the case.

## I. Factual and Procedural Background

Lawton is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. On October 26, 2003, at approximately 11:45 p.m., Lawton was in his cell with the lights on looking at an adult magazine. Lawton was lying on his bed, with the sheets pulled only to his thighs, and his penis was exposed. Lawton admits that he was masturbating when guards looked into his cell to do a head count. (Pet. 2 & Ex. 1 (Discipline Hearing Officer Report 1).) After being seen by the guards, Lawton was taken to the special housing unit ("SHU") and was given an incident report. (Id. 1.) Lawton was charged with engaging in a sexual act/indecent exposure. (Id. Ex. 1 (Discipline Hearing Officer Report).) After a hearing on November 17, 2003, Lawton was found to have committed a prohibited sexual act, as a result of which he lost his commissary privileges for six months (which ended on May 16, 2004), was required to serve twenty days in "DS," and lost twenty-seven days of good conduct credit. (Id. Ex. 1 (Discipline Hearing Officer Report 3).)

After exhausting his administrative remedies, Lawton filed the instant petition, seeking to recover the twenty-seven days of lost good conduct credit. Lawton alleges that (1) he was deprived of due process of law because he was not on notice that masturbation is a prohibited act; (2) he was falsely charged because Congress did not include masturbation when defining

2

sexual acts in prison; (3) "Petitioners liberty is at stake by the sanctions (sentence) the

Disciplinary Hearing officer imposed on him"; and (4) "Petitioner suffered 'cruel and unusual

Punishment' by being placed in solitary confinement for reasons not listed in the United States

Code, or BOP Program Statement." (Pet. 3-5.)

LaManna responded by filing his motion to dismiss, or in the alternative, for summary

judgment. After considering LaManna's motion and Lawton's response, the Magistrate Judge

concluded that LaManna is entitled to summary judgment on Lawton's petition.

The Magistrate Judge found that it was uncontested that the requirements of due

process for a disciplinary hearing were met. Lawton had (1) advance notice of the charges,

(2) a written statement by the disciplinary hearing officer, stating the evidence upon which the

officer relied and the reasons for the actions taken, and (3) the right to call witnesses and

present evidence. See Wolff v. McDonnell, 418 U.S. 539, 563-76 (1974); Luna v. Pico, 356

F.3d 481, 487-88 (2d Cir. 2004); (Report and Recommendation 4.)

The Magistrate Judge noted that Lawton had admitted to masturbating, but that Lawton

contends that he had not received fair notice that the act of masturbation was prohibited. The

Magistrate Judge found that due process does not require notice of all the specific acts covered

by the policy or set forth the dividing line between proscribed and permitted behavior with

perfect clarity. (Id. at 5.) Moreover, the Magistrate Judge acknowledged case law from the

United States Court of Appeals for the Tenth Circuit which expressly held that masturbation is

a "sexual act" under the relevant prison policy–Prohibited acts and disciplinary severity scale,

28 C.F.R. § 541.13, Table 3, Code 205 (2005). See Griffin v. Brooks, No. 00-1081, 2001

WL 788637, at *3 (10th Cir. July 12, 2001) (unpublished) ("It is unquestionable that

3

masturbation is a 'sexual act.'"); <u>Ricco v. Connor</u>, No. 04-3173, 2005 WL 1221507, at **1-2 (10th Cir. May 24, 2005) (unpublished) (noting the district court's finding that masturbation of oneself is considered a "sexual act," but not deciding the issue of whether masturbation of oneself constituted a "sexual act").  In conclusion, the Magistrate Judge found that Lawton had failed to show that he had not received due process with respect to being penalized for masturbating.

## II. DISCUSSION OF THE LAW

Lawton filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  <u>See</u> <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of <u>specific</u> objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  <u>See</u> <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Lawton's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely repeat his claims.  However, Lawton raised three specific objections.

First, Lawton claims that masturbation is not a sexual act in violation of 28 C.F.R. § 541.13 when a prisoner performs the act on himself.  (Objections 1.)  To support his claim, Lawton cites 18 U.S.C. § 2246(2)(A)-(D), and contends that these United States Code provisions define "sexual acts in Prison."  (Objections 1.)  Lawton argues that Congress's definition of sexual acts assumes a second party for a violation.

4

If 18 U.S.C. § 2246 defined "sexual acts" in prison generally, Lawton's argument would have merit. But it does not. In 18 U.S.C. § 2246(2)(A)-(D), Congress defined "sexual acts" for the crime of sexual abuse. The heading to the code provisions states, "As used in this chapter–the term 'sexual act' means-- . . .", and the chapter, 109, concerns the crime of sexual abuse, including criminal sexual abuse in prison. See 18 U.S.C. § 2246 (West 2000). (emphasis added). Of course, as the term "sexual act" applies to the crime of sexual abuse, two parties are required.

Besides his conclusory assertion that 18 U.S.C. § 2246 applies to define "sexual act" under the prison regulations, Lawton has cited no authority and the court is aware of none that supports his contention that 18 U.S.C. § 2246 defines "sexual acts" in prison generally.[3] Although not in 28 C.F.R. § 541.13, the Code of Federal Regulations does refer to masturbation as a "sexual act," without specifying the number of people involved in the act. See 28 C.F.R. § 540.72(b)(4) (2005) ("Sexually explicit means a pictorial depiction of actual or simulated sexual acts including sexual intercourse, oral sex, or masturbation."). Therefore, Lawton's first objection is without merit.

Second, Lawton objects to the Magistrate Judge's conclusion that the removal of Lawton's good conduct credits pursuant to 28 C.F.R. § 541.13, which failed to identify

---

[3]However, the court notes that an argument similar to Lawton's has been raised before. The plaintiff in Ricco argued that the court should adopt the definition of sexual act employed in the criminal statutes, 18 U.S.C. § 2246(2), to 28 C.F.R. § 541.13, Table 3, Code 205. See Ricco, 2005 WL 1221507, at *2. The court in Ricco neither accepted nor rejected Ricco's argument, affirming the district court's decision on another basis. Nonetheless, the posture of the argument in Ricco further supports that § 2246(2) does not apply directly to the prison regulations. Id.

specific acts constituting "sexual acts," did not result in a due process violation. Lawton cites Rose v. Locke, 423 U.S. 48, 50 (1975), for the proposition that due process prevents states from holding an individual "[c]riminally responsible for conduct which he could not reasonably understand to be proscribed." (Objections 2.) In essence, Lawton argues that he lacked fair notice that the conduct was proscribed before being sanctioned.

As set forth above, Congress, in 18 U.S.C. § 2246, did not define "sexual acts" for purposes of the prison regulations, but rather for purposes of application within the criminal sexual abuse statutes. Moreover, while Lawton objects to the Magistrate Judge's conclusion, Lawton has failed to undermine it. The Magistrate Judge cited Rose, 423 U.S. at 50, for the proposition that "[a]ll the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden," and United States v. Thomas, 864 F.2d 188, 195 (D.C. Cir. 1988), for the proposition that "the precise line dividing proscribed from permitted behavior" need not be set forth in an enacted statute. (Report and Recommendation 5.) Lawton merely contends that it is unfair for the prison regulations to not specify which behaviors constitute "sexual acts." The court disagrees.

This court is required to defer to prison officials' decisions concerning the day-to-day administration of prisons, unless they violate the Constitution or federal law. See Turner v. Safley, 482 U.S. 78, 84-85 (1987). The court finds that 28 C.F.R. § 541.13 provided Lawton with sufficient notice that exposing himself and masturbating in a lighted cell was a "sexual act" for which he could be penalized. As such, the prison administration's penalizing him, under these facts, did not violate Lawton's due process rights.

6

Finally, Lawton asserts, "[T]he Petitioner objects to the Magistrates [sic] failure to address Petitioners [sic] 'Privacy Right Claim.'" (Objections 3-4.)  The court has reviewed Lawton's petition and notes that Lawton raised four grounds for habeas relief, none of which involve a "privacy right claim."  However, in response to LaManna's motion for summary judgment in which LaManna asserted that Lawton lacked an expectation of privacy, Lawton argued that his constitutional right to privacy was protected in prison.  (Pet'r's Resp. Opp'n Summ. J. at 5.)  It is apparent that the Magistrate Judge did not rely on LaManna's privacy argument, or Lawton's rebuttal of the argument, in the reasoning of his Report and Recommendation.  As such, Lawton's final objection is without merit.  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

It is therefore

**ORDERED** that LaManna's motion for summary judgment, Document number 3, is granted, and Lawton's petition is dismissed with prejudice.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 23, 2005

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

7